# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| BRIAN D. HIGGINS,<br><br>   Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>   Defendant. | No. C05-4084-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

  This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income and Title II disability insurance benefits. Judge Zoss determined that there was not substantial evidence in the record as a whole to support a finding that Brian D. Higgins ("Higgins") is not disabled due to Higgins's non-exertional limitations.

  Judge Zoss's Report and Recommendation concluded that the ALJ failed to fairly develop the record and that the denial of benefits is not supported by substantial evidence. *Higgins v. Barnhart*, No. 05-4084-MWB , 2006 WL 839256, *1 (N.D. Iowa, Mar. 29, 2006). Specifically Judge Zoss stated:

> The court finds the record contains substantial evidence to support the ALJ's conclusion that Higgins's *physical* impairments do not render him disabled. However, the court does not reach the same conclusion with respect to Higgins's mental impairments. The record contains no treating source statement, no Psychiatric Review Technique, and no mental functional evaluation from which the ALJ could determine that

> Higgins's mental impairment which the ALJ found to be severe would allow Higgins to sustain competitive employment. An ALJ has a duty to develop the record fully and fairly in order to make a proper determination of a claimant's residual functional capacity from both physical and mental standpoints. *See, e.g., Nevland v. Apfel,* 204 F.2d 853 (8th Cir. 2000). The court finds it was improper for the ALJ to rely solely on the regulations in finding Higgins not to be disabled, given the ALJ's finding that Higgins has a non-exertional mental impairment. *See Hall v. Chater,* 62 F.3d 220, 224 (8th Cir. 1995) (ALJ must consider "vocational testimony or other similar evidence" when non-exertional impairments are present). The court finds the ALJ erred in failing to develop the record fully and fairly with regard to Higgins's mental limitations. On remand, this would include obtaining the testimony of a vocational expert or other similar evidence regarding the impact Higgins's mental impairment would have on his ability to work.

*Id.* at 22. Further, Judge Zoss found the record does not contain substantial evidence to support the ALJ's determination that Higgins is able to work. Additional evidence might alter the outcome of the disability determination, and the ALJ had a duty to obtain such evidence; failing to do so results in prejudice or unfairness to Higgins. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir.1993) ( (citing *Phelan v. Bowen,* 846 F.2d 478, 481 (8th Cir.1988)). Therefore, Judge Zoss recommends this case be remanded for further proceedings specifically regarding Higgins's ability to work full-time, and develop the record as may be necessary. *Higgins v. Barnhart*, 2006 WL 839256, at 22 (N.D. Iowa, Mar. 29, 2006).

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of

> those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case, no objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed). Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation.

Therefore, the ALJ's decision to deny benefits is **overruled**, and the Report and Recommendation is **accepted**, *See* § 28 U.S.C. 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Because the ALJ failed to develop the record, the court **reverses** the ALJ's decision and **remands** this case to the Commissioner for further development of the record consistent with this opinion. 42 U.S.C. § 405(g). On remand, the Commissioner

must give appropriate weight to the opinions of vocational experts and develop the record as necessary to determine the non-exertional limitations upon Higgins's employment. The Commissioner shall, thereafter, issue a new decision consistent with the opinion of this court.

**IT IS SO ORDERED.**

**DATED** this 8th day of May, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA